ELLISON *v.* STATE.

(*Jackson*, April Term, 1948.)

Opinion filed June 12, 1948.

W. R. LANDRUM, of Trenton, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant, R. B. Ellison, was convicted for the unlawful possession of whisky and his punishment fixed at a fine of $100 and a jail sentence of ninety days.

The record shows that a search warrant was issued under which officers searched the apartment of the defendant in Trenton, and found about 60 half pints of whisky concealed about the wall. The defendant offered no testimony in his own behalf. The objections raised upon this appeal in error are:

1. That the search warrant is insufficient with reference to the date upon which the affiant's informer gathered his information.

2. That the description is too broad.

As to the first objection, the affiant made oath that the defendant "is *now* in possession of liquor and that the informant has just informed him that he had *just recently* seen liquors placed on the premises and that he had recently seen persons drinking, going to the premises sober, and returning drunk." (Emphasis ours.)

■ Without going into an extensive discussion of the matter, it is sufficient to say we are of opinion that this objection is fully covered by our recent case of *Waggener v. McCanless*, 183 Tenn. 258, 191 S. W. (2d) 551, 552, 162 A. L. R. 1402. The language of the affidavit upon which the search warrant was issued in that case was to the effect that sales had been made "*frequently and within the last few days.*"

■ Words should be given their natural meaning and interpretation, and simply because the instrument is a

search warrant is no reason why we should look to possibilities of construction. See *Douglas* v. *State*, 144 Tex. Cr. R. 29, 161 S. W. (2d) 92.

■ The second objection is that the description in the search warrant is too indefinite in that it embraces quarters occupied by strangers, and for that reason is a general warrant. The affidavit, which is made a part of the warrant, by reference limits the description to the apartment or premises occupied by the defendant. *O'Brien* v. *State*, 158 Tenn. 400, 14 S. W. (2d) 51.

All assignments of error have been fully considered by us and are overruled. The judgment of the lower court is, therefore, affirmed.

All concur.