**UNITED STATES, Appellant,**

v.

**Sidney Harrison MOORE, Appellee.**

**UNITED STATES, Appellant,**

v.

**Reuben William MOORE, Jr., Appellee.**

**Nos. 5079, 5080.**

District of Columbia Court of Appeals.

Argued Jan. 5, 1970.

Decided March 31, 1970.

Gregory C. Brady, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., John A. Terry, James E. Sharp and Broughton M. Earnest, Asst. U. S. Attys., were on the brief, for appellant.

Glenn A. Mitchell, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

HOOD, Chief Judge:

The sole question here is whether the trial court properly ruled that a search

warrant did not particularly describe the place to be searched, as required by the Fourth Amendment and our statute,[1] and therefore the evidence (marihuana) seized thereunder should be suppressed.

At the hearing on the motion to suppress the following facts were developed. The affidavit, on which the search warrant was issued, described the premises as "3417 'M' STREET NORTHWEST, 2ND FLOOR FRONT" and indicated that appellees were the lessees and occupants of

"Apartment #7" at that location. The search warrant referring to the "affidavit attached herewith", ordered a search of "Entire premises, 2nd Floor Front, 3417 M St. N.W." When executing the warrant the officers found that the second floor of the premises was divided into two apartments, each fronting on the street.[2] They searched apartment numbered seven, occupied by appellees, and made no attempt to search the other apartment.

The trial court ruled that the search warrant was too broad because it authorized search of the entire second floor front and thereby included both apartments.

■ The Fourth Amendment requires a search warrant to particularly describe the place to be searched. To comply with this mandate the officer serving the warrant must be able, with reasonable effort, to ascertain and identify the place intended.[3] If the affidavit required for the issuance of the warrant is attached to the warrant and incorporated therein by reference, it can be used by the officer to identify the place intended.[4]

■ Here, the affidavit was attached to the warrant and sufficiently referred to therein to enable the officers executing the warrant to look at the affidavit and determine the place intended. Since the affidavit contained the street number and apartment number of the premises and the names of the occupants, it was clear to the officers that the warrant did not authorize a search of the other apartment on the second floor but rather was limited to the premises occupied by appellees. The warrant so limited was valid.[5] The motion to suppress should have been denied.

Reversed.

---

1. D.C.Code 1967, § 33-414(b).

2. The premises, formerly a row house, had stores on the first floor and living space on the second floor.

3. Steele v. United States, 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757 (1925).

4. Frey v. State, 3 Md.App. 38, 237 A.2d 774 (1968); Ellison v. State, 186 Tenn. 581, 212 S.W.2d 387 (1948).

5. Kenney v. United States, 81 U.S.App.D.C. 259, 157 F.2d 442 (1946); Shore v. United States, 60 App.D.C. 137, 49 F.2d 519 (1931), cert. denied, 283 U.S. 865, 51 S.Ct. 656, 75 L.Ed. 1469 (1931); People v. Estrada, 234 Cal.App.2d 136, 44 Cal.Rptr. 165 (1965); Commonwealth v. Fiorini, 202 Pa.Super. 88, 195 A.2d 119 (1963).