PEOPLE v HOPKINS

SEARCHES AND SEIZURES—SEARCH WARRANTS—DESCRIPTION OF PREM-
ISES—AFFIDAVIT—CURING OF DEFECTS.

An affidavit on which a search warrant is based should be read
along with the warrant in judging alleged defects in the war-
rant; a defective description in a warrant may be cured by the
description contained in the affidavit.

Appeal from Ingham, Ray C. Hotchkiss, J. Sub-
mitted November 8, 1977, at Lansing. (Docket No.
77-2069.) Decided November 22, 1977.

Ralph D. Hopkins was charged with possession
of heroin. Defendant's motion to quash a search
warrant and to suppress evidence seized pursuant
thereto was granted. The people appeal. Reversed
and remanded.

*Frank J. Kelley*, Attorney General, *Robert A.
Derengoski*, Solicitor General, *Peter D. Houk*,
Prosecuting Attorney, and *Lee W. Atkinson*, Chief
Appellate Attorney, for the people.

*Scodeller, Wilson, DeLuca & Vogel*, for defend-
ant.

Before: QUINN, P. J., and V. J. BRENNAN and
C. L. BOSMAN,* JJ.

QUINN, P. J. The people appeal from the trial
court's grant of defendant's motion to suppress

REFERENCE FOR POINTS IN HEADNOTE
68 Am Jur 2d, Searches and Seizures § 73.

* Circuit judge, sitting on the Court of Appeals by assignment.

certain evidence. The trial court found that the search warrant under which the evidence was seized was defective. We reverse and remand.

The alleged defect was in the description of the place to be searched. That description reads: "A two and one-half story house gray in color converted to multiple dwelling and the persons of people therein including Dennis Hopkins located at 600 South Walnut, Apartment 5, in the City of Lansing, in Ingham County, State of Michigan."

We find that this description is not defective, although a better statement would be, "Apartment #5 on the _____ floor of a two and one-half story house, gray in color converted to multiple dwelling."

Additionally, the affidavit on which the warrant was based contained a description, "Apartment number 5, 600 South Walnut City of Lansing." If the description in the warrant is defective, that defect is cured by the affidavit which is to be read with the warrant in judging alleged defects, *Ellison v State,* 186 Tenn 581; 212 SW2d 387 (1948), *Thompson v State,* 198 Ind 496; 154 NE 278 (1926), *Frey v State,* 3 Md App 38; 237 A2d 774 (1968), *United States v Moore,* 263 A2d 652 (DC App, 1970), *Moore v United States,* 149 US App DC 150; 461 F2d 1236 (1972).

Reversed and remanded.