PEOPLE v KROKKER

Docket No. 77-1325. Submitted December 8, 1977, at Grand Rapids.—
Decided May 22, 1978.

Randan I. Krokker was convicted of possession of heroin, Eaton
Circuit Court, Richard Robinson, J. Defendant appeals contend-
ing that the search warrant which authorized the search of a
townhouse was insufficient to authorize a search of his person,
and that he was denied effective assistance of counsel because
his attorney failed to make a motion to suppress the evidence
found in the search of defendant's person. *Held:*

There was probable cause, under the circumstances of this
case, for the police to search the defendant for heroin. The
defendant had been under surveillance as a suspected heroin
seller and was identified as the person occupying the premises
described in the search warrant. Defendant was not deprived of
a fair trial for failure of his trial counsel to move to suppress
the evidence because the evidence was legally obtained.

Affirmed.

T. M. BURNS, J., dissented and would hold that the search of
the defendant's person was a search without a warrant because
the defendant was not mentioned specifically in the warrant.
Searches without a warrant are per se unreasonable and are
unconstitutional unless shown to be within one of the excep-
tions to the rule. Since no such exceptions have been shown by
the prosecutor the heroin should have been suppressed and the
conviction should be reversed and the defendant discharged.

OPINION OF THE COURT

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error §§ 166, 737.
    29 Am Jur 2d, Evidence § 425 *et seq.*
[2] 68 Am Jur 2d, Searches and Seizures §§ 73, 79.
    Sufficiency of description in warrant of person to be searched. 49
    ALR2d 1209.
[3] 68 Am Jur 2d, Searches and Seizures § 41 *et seq.*
[4] 68 Am Jur 2d, Searches and Seizures § 73 *et seq.*
[5] 68 Am Jur 2d, Searches and Seizures § 35 *et seq.*

1. CRIMINAL LAW—SEARCHES AND SEIZURES—ATTORNEY AND CLIENT—
   NEW TRIAL—RECORD—APPEAL AND ERROR.

   Ordinarily a motion for a new trial would be required as a prerequisite for a claim on appeal of ineffective assistance of counsel; however, the Court of Appeals will consider the issue where the claim involves counsel's failure to move to suppress evidence obtained in a search of a defendant and the facts and circumstances were fully explored at trial and the record contains sufficient facts to reach the issue.

2. SEARCHES AND SEIZURES—SEARCH WARRANT—SEARCH OF A PERSON
   —IDENTIFICATION OF PERSON.

   Generally, when a person is to be searched a search warrant must be obtained describing with particularity the person to be searched in such a manner that he may be identified with reasonable certainty.

3. SEARCHES AND SEIZURES—SEARCH WARRANT—SEARCH WITHOUT
   WARRANT—PROBABLE CAUSE—PREMISES—OCCUPANT.

   The search of a defendant was proper and the evidence seized in the search of the defendant was properly admitted at trial even though the search was conducted without a warrant authorizing the search of the defendant where there was a warrant authorizing the search of premises believed to be occupied by the defendant, the information in the affidavit in conjunction with the warrant indicated that both the premises and the defendant were considered targets for the controlled substance sought in the search warrant, the defendant was the only person named in the search warrant, in the affidavit, and as the occupant of the house to be searched, and the defendant was specifically described and identified, thus negating any indication of a fishing expedition by the police; all of which established probable cause for the police to search the defendant for the controlled substance.

### DISSENT BY T. M. BURNS, J.

4. SEARCHES AND SEIZURES—SEARCH WARRANT—NARROW INTERPRETA-
   TION—SEARCH OF PREMISES—SEARCH OF OCCUPANT.

   *A search warrant, once it has been issued, cannot be broadly interpreted; the warrant must describe the premises to be searched and the property to be seized with particularity and the executing officers must narrowly follow that description; therefore, where a search warrant is issued authorizing the search of certain premises and the warrant does not specify any persons to be searched, it is improper for the officers to*

*extend the scope of the warrant so as to authorize a search of the person who occupies the premises.*

5. SEARCHES AND SEIZURES—SEARCH WITHOUT WARRANT—CONSTITUTIONAL LAW.

    *Searches without a warrant are per se unreasonable and are in violation of both the Federal and state constitutions unless shown to be within one of the recognized exceptions to the rule (US Const, Am IV, Const 1963, art 1, § 11).*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Paul F. Berger,* Prosecuting Attorney, and *Chester S. Sugierski, Jr.,* Assistant Prosecuting Attorney, for the people.

*Charles S. Mowbray,* for defendant on appeal.

Before: DANHOF, P. J., and T. M. BURNS and M. J. KELLY, JJ.

M. J. KELLY, J. Defendant was convicted by an Eaton County Circuit Court jury on December 8, 1976, of possession of a controlled substance, heroin. MCL 335.341(4)(a); MSA 18.1070(41)(4)(a). He was sentenced to two to four years in prison and appeals of right.

On February 10, 1976, police officers assigned to the Tri-County Metro Narcotics Squad executed a search warrant for heroin, paraphernalia, and marked money suspected to be in a building occupied by defendant. The search warrant provided that the place to be searched was a "townhouse located at 4152 Seaway Drive, Eaton County, Lansing, Michigan, said townhouse being a brick front, single story, with 4152 address believed to be occupied by Randy Crocker *[sic]*".

Deputy Barry Kingsley, one of several police officers who executed this warrant, testified at trial that after gaining entry to the described premises, the police officers secured the area by rounding up

defendant and two other persons who were also present. Deputy Kingsley searched defendant's person and removed from his front, left pants pocket a vial containing foil packets. The deputy then conducted a "field test" on the substance contained in one of these packets, and concluded that heroin was present. Defendant was then arrested. Deputy Kingsley testified at trial that he believed that the search warrant specified "persons within the residence" and that this' was his justification for searching defendant.

Defendant's trial counsel did not move either before or during trial to suppress the vial and packets of heroin seized from defendant's person. Defendant did not object to the admission of this evidence, nor did he move for a new trial.

On appeal, defendant claims that the seizure of narcotics from his person during a search conducted under the authority of a premises search warrant is illegal, and the failure of his trial counsel to move to suppress the evidence was a serious mistake that deprived him of a fair trial. Ordinarily a motion for new trial would be required as a prerequisite for a claim of ineffective assistance of counsel. Here the facts and circumstances surrounding the search were fully explored at trial and the record contains sufficient facts to reach this issue. See *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

Since we find that the search of defendant and the seizure of the heroin from his person was proper, it follows that defendant was not deprived of a fair trial for failure of his trial counsel to move to suppress the legally obtained evidence.

Generally, when a person is to be searched a search warrant must be obtained describing with particularity the person to be searched in such a

manner that he may be identified with reasonable certainty. 68 Am Jur 2d, Searches & Seizures, §§ 79, 111, pp 733–734, 766–767, *Anno: Sufficiency of description in warrant of person to be searched,* 49 ALR2d 1209. Case law on the requirements in a search warrant for identification requirements of persons to be searched is sparse. 49 ALR2d at 1210.

The instant search warrant, which defendant asserts was defective to justify a search of his person, described the place to be searched and stated that it was occupied by defendant, but it does not specifically authorize the search of defendant. This is contrary to the constitutional requirement set forth in the general rule cited above.

At the request of this Court, the Chief Assistant Prosecutor of Eaton County submitted a letter describing the Eaton County Prosecutor's policy regarding search warrants issued for places and issued for persons. A copy of this letter was served on defendant's counsel. The following excerpt from that letter provides an insight into how the instant search warrant was executed. The letter states:

"When structures of any sort are specified in a search warrant, our office and the Courts of this County have another policy regarding the wording of the search warrant and supporting affidavit. The policy is that anything, be it animal, vegetable, or mineral, found *within* the premises to be searched *at the instant the warrant is executed* can be searched if it can logically conceal or contain the items specified in the warrant.

"A warrant authorizing the seizure of stolen truck tires may not justify a search of mason jars found in a refrigerator, but a warrant specifying the seizure of heroin would. An item of clothing whether hung on a

door knob or worn by a person may still contain heroin concealed in a pocket.

\* \* \*

"The pockets of a person found upon the premises to be searched are just another 'drawer.' Any other interpretation would make a person's pockets a virtual sanctuary for drugs, weapons, or other evidence small enough to be concealed therein. This office does not claim that rectal or vaginal inspections or extraction of other bodily substances are automatically authorized by 'building' search warrants. Nor does it claim that persons who exit the premises shortly before a search warrant is actually executed or arrive shortly thereafter are 'satellites' of the premises and subject to search."

Limited to the present facts we find the clothing search reasonable. It is logical that the pockets of defendant on the premises were suspect as receptacles of heroin small enough to be so concealed. We do not endorse the prosecutor's opinion that the scope of the warrant would extend to every person found on the premises.

While the Michigan Constitution, Const 1963, art 1, § 11, and the United States Constitution, US Const, Am IV, require warrants for places to be searched and persons to be seized, the United States Supreme Court has determined that a prerequisite to searching the person is the seizure of the person. *Terry v Ohio,* 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968). See also *Katz v United States,* 389 US 347; 88 S Ct 507; 19 L Ed 2d 576 (1967), *People v Harold Williams,* 63 Mich App 398; 234 NW2d 541 (1975).

Since we are dealing with an issue of constitutional magnitude we are careful to point out that we limit our holding to the specific facts of this case. The better procedure in this case would have been to set forth specifically that defendant was a

person to be searched. We read the warrant in conjunction with the affidavit in support of the search warrant. *People v Hopkins,* 79 Mich App 723; 262 NW2d 675 (1977).

The affidavit indicates that an informant contacted the affiants, Lansing police officers, and informed them that defendant was selling heroin. The informant had purchased heroin in the past from defendant, and was given marked bills to transact another purchase from defendant. The purchase was made and the heroin returned to one of the Lansing police officers. The informant indicated that he obtained the heroin from defendant at the address set forth in the search warrant.

The information in the affidavit in conjunction with the warrant indicates that both the premises and defendant were considered targets for the controlled substance sought in the search warrant. Defendant was the only person named in the search warrant, in the affidavit, and as the occupant of the house to be searched. Defendant was specifically described and identified, thus negating any indication of a fishing expedition by the police. *Cf. Commonwealth v Smith,* — Mass —; 348 NE2d 101 (1976), *cert den,* 429 US 944; 97 S Ct 364; 50 L Ed 2d 314 (1976).

While it is true that a search warrant merely authorizing the search of a particular building or premises does not give the officers the right to search all persons who may be found in it, *State v Fox,* 283 Minn 176, 179; 168 NW2d 260, 262 (1969), *cf. State v Clark,* — Minn —; 250 NW2d 199, 202 (1977), the affidavit in support of the search warrant must not be read " 'in hypertechnical fashion, and * * * considerable latitude should be allowed for the drawing of reasonable inferences from their faces' ". *Commonwealth v Smith, supra,* 348

NE2d at 105–106. They "are to be approached, in hindsight, with a view toward common sense". *Id.*

The instant affidavit establishes probable cause to believe that defendant was present on the premises and was involved in illegal trafficking in heroin. The search warrant in *Commonwealth v Smith, supra,* commanded the police to search a known occupant of the apartment and " 'any person present who may be found to have * * * [heroin] in his possession or under his control or to whom such property may have been delivered' ". 348 NE2d at 102. The court while upholding the search of the defendant stated:

"The affidavit in support of the search warrant for apartment number 549 revealed to the issuing clerk that the informant on whose information the affiant relied had been *inside* the apartment on two occasions within only ten days prior to the signing of the affidavit and had seen the occupant selling heroin in half bundles (twelve decks), to other persons present in the apartment. The affidavit further showed that periodic surveillances of the apartment by the affiant and other police officers within only the prior seven days caused them to observe persons, known to the officers as persons trafficking in heroin, enter and leave the apartment. The local clerk undoubtedly inferred that, from the nature of the neighborhood and the project in which the apartment was located, the apartment was of modest size. All of these facts could properly be appraised by the clerk in light of the fact that the application sought authorization to search for the kind of contraband which, because of its nature and the type of packaging customarily used in its transfer from one individual to another, could reasonably be inferred would be discovered on the persons of those individuals present. Further, the insidious nature of the contraband (heroin) was such as to render it more likely than not that the participants would act in secret and to the exclusion of innocent persons and possible informants.

From these asserted facts and fair inferences drawn

therefrom, it was permissible to conclude that it was probable that any person in the apartment was a participant in the trafficking in heroin there. Further the inference was permissible that it was virtually impossible to predict who would be there at any given time." 348 NE2d at 106. (Footnote omitted.)

While the *Smith* warrant is distinguishable in that it allowed for a search of persons on the premises, and required identifiable persons known to be on the premises to be described with particularity, we think that court's reasoning can be extended to the instant situation where it is clear that defendant was the one under surveillance and there was probable cause for the police to search him for the controlled substance of heroin.

See generally *Smith v State,* 292 Ala 120; 289 So 2d 816 (1974), *State v Fox, supra.*

Affirmed.

DANHOF, C. J., concurred.

T. M. BURNS, J. *(dissenting).* I cannot agree that the search of defendant and the seizure of heroin from his person was proper and would therefore conclude that his trial counsel made a serious mistake in failing to move to suppress the heroin, depriving defendant of a fair trial. The people admit that if this evidence were suppressed, there would be no case against defendant.

There is no doubt that defendant was an identifiable person and that the police could have secured a warrant to search his person, if he was found on the premises or otherwise. All the information used to secure the warrant pointed not only to the premises, but to defendant personally. In my view, the issue is whether the warrant, as it was actu-

ally written, was broad enough to cover the search of defendant's person. I would hold that it was not.

As stated by the majority of another panel in *People v Summers,* 68 Mich App 571, 579; 243 NW2d 689 (1976), *lv granted,* 399 Mich 828 (1977):

"Once a warrant has actually been issued, it cannot be broadly interpreted. A search warrant must describe the premises to be searched and the property to be seized with particularity, and the executing officers must narrowly follow that description. *Marron v United States,* 275 US 192, 196; 48 S Ct 74, 76; 72 L Ed 231, 237 (1927), *People v Franks,* 54 Mich App 729; 221 NW2d 441 (1974). It is true that the magistrate *could* have issued a warrant to search any individual found on the premises, but he did not do so. The "particularity" requirement prevented the police officers from legally extending the scope of the warrant so as to authorize a search of defendant's person." (Emphasis in original.)

Not only would it have been "the better procedure * * * to set forth specifically that defendant was a person to be searched", majority opinion, *supra,* in my opinion it was constitutionally required. Since defendant was not mentioned specifically in the warrant, the search of his person must be considered a warrantless search. Warrantless searches are per se unreasonable and violate the Fourth Amendment of the US Constitution and art 1, § 11 of our state constitution unless shown to be within one of the recognized exceptions to the rule. *People v Reed,* 393 Mich 342, 362; 224 NW2d 867 (1975). The people have not argued that any exception to the warrant requirement applies here. I would order the heroin suppressed, the conviction reversed and defendant discharged.