PEOPLE v CHARLES L CLARK

Docket No. 49662. Submitted February 18, 1981, at Detroit.—Decided April 27, 1981.

Charles L. Clark, Jr., was convicted by a jury in Recorder's Court of Detroit, Clarice Jobes, J., of voluntary manslaughter and felony-firearm. Defendant appeals, alleging error in the admission of evidence and in the instructions to the jury. *Held:*

1. The trial court properly permitted the prosecution to read into evidence the signed statement given by the eyewitness to the crime. Since at trial that witness professed a continuing lack of memory as to the facts surrounding the crime, even when the prosecution attempted to refresh her memory with the statement, and admitted to signing the statement which had been taken shortly after the incident, the statement was properly read to the jury under the past recollection recorded exception to the hearsay rule. Further, that evidence was properly used as substantive evidence.

2. The trial court did not abuse its discretion in determining that evidence of the defendant's alcohol withdrawal symptoms was irrelevant and, accordingly, excluding such evidence at the trial.

3. Since the defendant failed to object at trial to the prosecutor's inquiries relative to his financial status and failed on appeal to show manifest injustice, those inquiries do not mandate reversal.

4. Since the trial court's instruction to the jury suggesting

REFERENCES FOR POINTS IN HEADNOTES

[1] 29 Am Jur 2d, Evidence §§ 723, 724, 876, 877.

30 Am Jur 2d, Evidence § 1081.

Admissibility of statement under Rule 803(5) of Federal Rules of evidence, providing for recorded-recollection exception to hearsay rule. 35 ALR 605.

[2] 29 Am Jur 2d, Evidence § 439.

[3] 5 Am Jur 2d, Appeal and Error §§ 553, 624-627.

Counsel's reference in criminal case to wealth, poverty, or financial status of defendant or victim as grounds for mistrial, new trial, or reversal. 36 ALR3d 839.

[4] 75 Am Jur 2d, Trial § 895.

that the jury consider the murder charge before considering the included charge of manslaughter did not require that the jury acquit on the murder charge before considering the manslaughter charge, reversal on the basis of the trial court's charge to the jury is not mandated.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — HEARSAY — PAST RECOLLECTION RECORDED — RULES OF EVIDENCE.

A statement taken from an eyewitness to a crime shortly after an incident is properly read into evidence and used as substantive evidence where that witness, while remembering signing the statement, cannot remember the underlying facts even when the prior statement is used to refresh the witness's memory (MRE 803[5]).

2. CRIMINAL LAW — EVIDENCE — RELEVANCY — RULES OF EVIDENCE.

It is not an abuse of discretion for a trial court to exclude evidence of a criminal defendant's alcohol withdrawal symptoms on the day following the crime, since such evidence is not relevant to the question of whether the defendant was intoxicated at the time of the crime nor is evidence of intoxication relevant where the defense is accident rather than diminished capacity (MRE 401, 402).

3. CRIMINAL LAW — EVIDENCE — PRESERVING QUESTION — MANIFEST INJUSTICE.

Reversal is not mandated by reason of inquiries made of witnesses at trial by the prosecution relative to a criminal defendant's financial status where there is no objection to such inquiries absent a showing of manifest injustice; manifest injustice is not shown where defense counsel opened the door to such inquiries.

4. CRIMINAL LAW — JURY INSTRUCTIONS — LESSER INCLUDED OFFENSES.

It is not error for a trial court to suggest to a jury the order in which the jury should consider the charged and included criminal offenses provided the trial court does not instruct the jury that it must acquit on one charge before considering the other charges.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-

cipal Attorney, Appeals, and *Timothy A. Baughman,* Assistant Prosecuting Attorney, for the people.

*James Krogsrud,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. RILEY, P.J., and BASHARA and MAC-KENZIE, JJ.

PER CURIAM. Defendant was convicted by a jury of voluntary manslaughter, MCL 750.321; MSA 28.553, and felony-firearm, MCL 750.227b; MSA 28.424(2).

On appeal, defendant raises four allegations of error. Initially, he contends that reversible error occurred when his girlfriend's prior inconsistent statement was admitted as substantive evidence at trial. Defendant failed to object to the manner in which the evidence was utilized. However, he contends the trial court was required *sua sponte* to instruct the jury that the evidence was to be considered for impeachment purposes only.

We have thoroughly reviewed the record and briefs and find no error. The witness professed a lapse of memory throughout her testimony. She was a key witness, indeed, the only eyewitness to the shooting. When the prosecutor attempted to refresh her memory with the prior statement, she still claimed a failure of memory. The police officer took the statement within hours of the incident. The witness admitted signing the statement. Under these circumstances, we find that the prior statement was properly read to the jury under the past recollection recorded exception to the hearsay rule, MRE 803(5):

"The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

* * *

"(5) *Recorded recollection.* A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit by an adverse party."

The foundational requirements for admission of the prior statement were satisfied. *People v Kubasiak,* 98 Mich App 529, 536; 296 NW2d 298 (1980), *Jaxon v Detroit,* 379 Mich 405, 413; 151 NW2d 813 (1967). The cases cited by defendant are distinguishable because the statement was not inconsistent with her trial testimony, the witness having claimed a lack of memory throughout the proceedings.

Defendant challenges other evidentiary rulings. During trial, defendant sought introduction of three medical experts. The first psychiatrist would testify that the girlfriend was on medication which could affect her ability to remember and perceive. The trial court ruled that the psychiatrist could testify that he had prescribed medication for her but that he could not testify concerning her attentiveness at the time of the murder because the psychiatrist was not there and could not personally know if she had taken the medication.

The defendant also requested introduction of testimony of the doctors at the jail and Detroit General Hospital. Apparently, defendant went through the "DT's", withdrawal of alcohol, during the next few days after the murder. The trial

court ruled that this evidence was irrelevant. Bearing in mind defendant's defense was accident, the fact defendant went through withdrawal the next day does not mean defendant was intoxicated the day before. Even if the defendant was intoxicated at the time of the crime, the trial court ruled second-degree murder is a general intent crime. Also, if defendant was arguing diminished capacity, the lack of notice to the prosecutor of that defense precluded its use.

The trial court did not abuse its discretion in ruling that the excluded testimony was irrelevant. MRE 401, 402; *People v Strickland,* 78 Mich App 40, 54; 259 NW2d 232 (1977).

Defendant's failure to object to the prosecutor's questions concerning his financial status precludes reversal absent manifest injustice. *People v Jackson,* 77 Mich App 392; 258 NW2d 89 (1977), *lv den* 402 Mich 830 (1977). We find no manifest injustice in the record. Defense counsel opened the door to the allegedly improper examination by asking the girlfriend if she and the defendant had a drinking problem and by referring to the "checks". *People v Allen,* 351 Mich 535; 88 NW2d 433 (1958).

Finally, defendant alleges error in the jury instructions. It is argued that the court impermissibly interfered with jury deliberations as follows:

"If the evidence does not convince you beyond a reasonable doubt that the defendant intended to kill, you must consider whether he acted with an unreasonable disregard for human life. It is sufficient for Murder of the Second Degree if the defendant consciously created a very high degree of risk of death, and if he had knowledge of the probability of those consequences. However, if you find that the defendant's acts did not amount to such a criminal purpose aimed against life, you must find the defendant not guilty of Murder and

consider whether or not he is guilty of involuntary manslaughter."

We find no error in the unobjected-to instructions. The trial court was clearly attempting to assist the jury in distinguishing between manslaughter and second-degree murder. At no time did the court require the jury to find the defendant not guilty of murder before considering the manslaughter charge, as prohibited by *People v Mays,* 407 Mich 619; 288 NW2d 207 (1980), *People v Hurst,* 396 Mich 1, 10; 238 NW2d 6 (1976), and *People v West,* 408 Mich 332; 291 NW2d 48 (1980). The Court in *Mays* stated:

"It is not error to suggest an order of consideration of offenses. The jury probably should be reminded to consider the charged offense first and it probably would be helpful to suggest that consideration be given to offenses with a 'greater' number of elements before considering those with a 'lesser' number.

"In this respect an instruction will not be deemed erroneous unless the instruction or manner of giving it conveys the impression that there must be acquittal on one charge before consideration of another." *Mays, supra,* 623.

We conclude that the jury was not led to believe it must find defendant not guilty of murder before considering the lesser included offense. Rather, the instruction was a proper delineation of elements and a direction to consider the offense with the greater offenses first, as permitted by the Court in *Mays.*

The remaining allegation of error is without merit. *People v Nichols,* 391 Mich 813 (1974).

Affirmed.