PEOPLE v VIAENE

Docket No. 48860. Submitted June 10, 1982, at Lansing.—Decided September 22, 1982.

Lionel Viaene, Sr., was convicted of second-degree murder, Livingston Circuit Court, Bert M. Hensick, J. Defendant appeals, alleging the denial of effective assistance of counsel, error in the jury instructions regarding the order of deliberations, incomplete information in the presentence report, improper argument by the prosecutor, and that a new trial should be granted because of perjured testimony. *Held:*

1. Defendant counsel's failure to call a particular witness was a matter of trial strategy. Moreover, the proffered testimony of the witness was not likely to have led to the acquittal of defendant.

2. Defense counsel did not err in failing to request a directed verdict of acquittal of first-degree murder. There was sufficient evidence presented on the elements of first-degree murder.

3. The trial court's jury instruction did not impermissibly require the jury to acquit the defendant of second-degree murder before considering a charge of manslaughter. The instruction given merely suggested the order of deliberation for the jury to consider.

4. The failure of the presentence report to include defendant's version of the offense was the result of defendant's refusal to talk to the officer preparing the report. Moreover, defendant chose not to speak when given the opportunity at sentencing.

5. The prosecutor's comments during closing argument, al-

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 21A Am Jur 2d, Criminal Law § 984.
 Modern status of rules and standards in state courts as to adequacy of defense counsel's representation of criminal client. 2 ALR4th 27.
[2] 5 Am Jur 2d, Appeal and Error §§ 786, 883.
[4] 75 Am Jur 2d, Trial § 882.
[5] 21 Am Jur 2d, Criminal Law §§ 528, 531.
[6] 75 Am Jur 2d, Trial §§ 258, 260, 305.
[7] 5 Am Jur 2d, Appeal and Error § 624.
 75 Am Jur 2d,Trial § 315.

though improper, did not occasion a miscarriage of justice. Reversal is not mandated on this ground.

6. Although the testimony of defendant's son was admitted to have been perjury, there is no indication that his new testimony would affect the result of a new trial.

Affirmed.

1. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — WITNESSES.

The decision to call a particular witness is a matter of trial strategy and, unless a defendant would have had a reasonable chance of acquittal had a certain witness been called, the failure to call that witness does not constitute ineffective assistance of counsel.

2. CRIMINAL LAW — APPEAL — EVIDENCE.

The Court of Appeals, in reviewing a claim of insufficient evidence upon which to base a conviction, must view the evidence in the light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

3. CRIMINAL LAW — EFFECTIVE ASSISTANCE OF COUNSEL — USELESS MOTIONS.

Counsel need not make useless motions; a defendant was not denied effective assistance of counsel by his counsel's failure to move for a directed verdict of acquittal where sufficient evidence had been presented for the jury to conclude that the defendant had committed the crime charged.

4. CRIMINAL LAW — JURY INSTRUCTIONS — ORDER OF DELIBERATIONS.

An instruction which does not require the jury to acquit a defendant of the charged offense before they may consider a lesser offense, but which merely suggests an order of deliberation for the jury to consider, is not improper.

5. CRIMINAL LAW — SENTENCING — PRESENTENCE REPORTS.

A presentence report must be based on accurate information, but the failure of the presentence report to include a defendant's version of the crime does not require resentencing where the defendant refused to speak with the officer who prepared the report and, when given the opportunity at sentencing to comment on the report and on other matters, chose not to do so.

6. CRIMINAL LAW — PROSECUTOR'S ARGUMENT.

A prosecutor may not make a statement of fact unsupported by the evidence, but may draw inferences for the jury from the

facts of the case, may comment upon the testimony given, and may argue that from the facts and evidence a witness, including the defendant, is not worthy of belief.

7. APPEAL — PROSECUTOR'S ARGUMENT — CRIMINAL LAW.

Appellate review of alleged improprieties in a prosecutor's closing argument is precluded, absent an objection at trial, unless failure to consider the issue would result in a miscarriage of justice.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Frank R. Del Vero,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

*Reck, Reck & Ashley, P.C.* (by *J. David Reck),* for defendant on appeal.

Before: M. J. KELLY, P.J., and M. F. CAVANAGH and P. R. JOSLYN,* JJ.

PER CURIAM. Following a jury trial, the defendant was found guilty of second-degree murder in violation of MCL 750.317; MSA 28.549. On appeal by right, the defendant moved for remand for an evidentiary hearing on his claim of ineffective assistance of counsel. This Court denied the defendant's motion by order, which the defendant appealed to the Michigan Supreme Court. In lieu of granting leave to appeal, the Supreme Court remanded the case to this Court with directions to grant the defendant's motion for a remand. 411 Mich 881 (1981). This Court ordered the remand and, following an evidentiary hearing, the trial court concluded that the defendant had not been denied the effective assistance of counsel. We now consider the defendant's appeal by right from his conviction of second-degree murder.

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant first argues that he was denied the effective assistance of counsel on the basis of several alleged errors. In reviewing such a claim, we must determine whether the defendant's trial counsel performed "at least as well as a lawyer with ordinary training and skill in the criminal law" and whether, but for the alleged error, "there was a great likelihood that [the defendant] would not have been convicted". *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976). At the evidentiary hearing held on this issue the trial court, although failing to make any findings of fact, concluded that the defendant had received a fair trial. We agree; we find no serious mistake without which the defendant would have had a reasonable likelihood of acquittal. *Garcia, supra.* We need address but two of the defendant's claims regarding this issue.

First, the defendant argues that his counsel was ineffective in failing to call an expert witness to testify about the operation of the defendant's gun when the defense was that the gun had discharged accidentally. The decision to call a particular witness is a matter of trial strategy. *People v Grant,* 102 Mich App 368, 374; 301 NW2d 536 (1980). On the basis of the information received at the evidentiary hearing, we cannot conclude that the defendant would have had a chance of acquittal if an expert witness had been called to testify about the functioning of his gun.

Second, the defendant argues that his attorney made a serious mistake in failing to ask for a directed verdict of acquittal on first-degree murder when insufficient evidence was introduced on the element of premeditation. In reviewing a claim regarding the sufficiency of the evidence, we must view the evidence in the light most favorable to

the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *People v Delongchamps,* 103 Mich App 151, 159; 302 NW2d 626 (1981). Here, the prosecutor introduced evidence which showed the existence of bad feelings between the defendant and the deceased, that the defendant had stated he was going to "get" the deceased, that the defendant directed his son to park their van in the road so as to block the deceased's path, that the defendant argued with the deceased while holding a loaded rifle, that the defendant fired one shot, and that the defendant told his son to lie about where they had been. Viewed in the light most favorable to the prosecution, the evidence was sufficient for the jury to conclude that the defendant had planned to ambush the deceased. Since we find that sufficient evidence was introduced on the elements of first-degree murder, the defendant's claim that his trial counsel was ineffective in failing to move for a directed verdict is without merit. Counsel need not make useless motions. See *People v Krokker,* 83 Mich App 474, 477; 268 NW2d 689 (1978).

Defendant next argues that the trial court impermissibly required the jury to acquit the defendant of second-degree murder before it could consider the manslaughter charge. In *People v Hurst,* 396 Mich 1, 10; 238 NW2d 6 (1976), the Michigan Supreme Court held that an instruction which requires all 12 jurors to agree to acquit the defendant of the charged offense before they can consider a lesser offense impermissibly interferes with the jury's deliberations. However, an instruction which only suggests an order of deliberations is proper. *People v Mays,* 407 Mich 619, 623; 288

NW2d 207 (1980). Therefore, we must determine whether the instruction, which was not objected to, merely suggested an order of deliberations for the jury or whether it conveyed the impression that the defendant had to be acquitted of the more serious charge before the jury could consider any lesser charge.

In differentiating between murder and involuntary manslaughter, the trial court gave the following instruction to the jury:

"If the evidence in this case does not convince you beyond a reasonable doubt that the defendant intended to kill, you must then consider whether he acted with an unreasonable disregard of human life. It is sufficient for murder of the second degree if the defendant consciously created a very high degree of risk of death and if he had knowledge of the probability of these consequences. However, if you find that the defendant's acts did not amount to such a criminal purpose aimed against life, you must find the defendant not guilty of murder and consider whether or not he is guilty of manslaughter."

Upon request by the jury, the above instruction was repeated three times; no objections were raised.

An instruction such as this was given in *People v Clark,* 106 Mich App 610; 308 NW2d 180 (1981). In that case, this Court found that the instruction did not require the jury to acquit the defendant of murder before considering the manslaughter charge. Rather, the court found the instruction to be a proper delineation of the elements of the charged offenses and held that a direction to the jury to consider the greater offenses first was permissible under *Mays, supra.* This instruction was also held to be proper in *People v Griffin,* 108 Mich App 625; 310 NW2d 829 (1981), *lv den* 412

Mich 878 (1981). See also *People v Barker*, 101 Mich App 599, 606; 300 NW2d 648 (1980). We conclude that the trial court's instruction in this case did not require the jury to first acquit the defendant of second-degree murder but rather properly suggested an order of deliberation for the jury to consider.

Defendant also argues that this case should be remanded for resentencing because the defendant did not speak with the probation officer who prepared the presentence report. The presentence report indicates that the defendant was upset and refused to discuss the crime with the probation officer. Defendant argues that, since the trial court did not have any information from the defendant, resentencing is necessary because the trial court lacked sufficient information on which to sentence the defendant.

A presentence report must be based on accurate information. *People v Malkowski*, 385 Mich 244, 249; 188 NW2d 559 (1971). Defendant does not claim that the presentence report in this case contained inaccurate information. We find that the presentence report's failure to include the defendant's version of the event does not require resentencing. Defendant refused to speak with the probation officer. Defendant was given an opportunity to comment on the report and on other matters at the sentencing hearing; he chose not to do so. Where the defendant is given an opportunity to speak at sentencing and chooses not to do so, he may not be heard to later complain that his version of the crime was not presented to the sentencing court. We find no error.

Defendant next argues that the prosecutor impermissibly injected unfounded innuendo into his closing argument. It is well settled that the prose-

cutor may not make a statement of fact unsupported by the evidence but may draw inferences for the jury from the facts of the case. *People v Johnson,* 112 Mich App 41; 314 NW2d 794 (1981); *People v LaPorte,* 103 Mich App 444; 303 NW2d 222 (1981). The prosecutor may also comment upon the testimony of the case and may argue that from the facts and evidence a witness, including the defendant, is not worthy of belief. *People v Caldwell,* 78 Mich App 690; 261 NW2d 1 (1977); *People v Cowell,* 44 Mich App 623; 205 NW2d 600 (1973). Appellate review of alleged improprieties in a prosecutor's closing argument is precluded, absent an objection at trial, unless failure to consider the issue would result in a miscarriage of justice. *People v Duncan,* 402 Mich 1, 15-16; 260 NW2d 58 (1977).

We find two instances of error made by the prosecutor. First, the prosecutor stated, "Anybody that knows anything about a gun knows that it doesn't go off unless somebody pulls the trigger, one way or another". There was no evidence in the record that the defendant's gun would discharge only if the trigger was pulled; indeed, the theory of the defense was that the defendant's gun had discharged accidentally. Here, the prosecutor phrased his statement in the form of judicial notice of an obvious fact. Although error, we do not find that it resulted in a miscarriage of justice.

Second, the defendant argues that, during rebuttal, the prosecutor made unsupported statements regarding the defendant's ten-year-old son. The parties had agreed that the defendant's youngest son would not testify at trial. On rebuttal, the prosecutor argued that the defendant's youngest son was a witness to the shooting and that, if called to trial, he would have lied. There is evi-

dence in the record that he had lied for the defendant concerning a statement he gave to a Michigan State Police detective. However, this does not raise the inference that he would have lied if called as a witness. Although the trial court erred in overruling the defendant's objection to this argument, we again find the error did not result in a miscarriage of justice; the comment could not have significantly diverted the jury's attention from the actual issues in the case. *People v Knolton,* 86 Mich App 424, 428; 272 NW2d 669 (1978).

Finally, the defendant argues that he should receive a new trial on the grounds that the defendant's older son admitted perjuring himself at trial. Although the defendant's older son made this admission at the subsequent evidentiary hearing, we find no indication that his new testimony would affect the result of a retrial and, in fact, it was not even helpful to the defendant's case.

We find the defendant's remaining claims of error to be without merit. Defendant's conviction of second-degree murder is affirmed.

Affirmed.