PEOPLE v JONES

Docket No. 92974. Submitted June 16, 1987, at Detroit. Decided
    September 8, 1987.

   Henry J. Jones was arrested and charged in Recorder's Court of
       Detroit with possession with intent to deliver controlled sub-
       stances. The court, Prentis Edwards, J., granted defendant's
       motion to quash and dismissed the charge, finding that defen-
       dant was unreasonably searched because the search warrant
       was limited to another location and its description of defendant
       was too vague. The people appealed.

   The Court of Appeals *held:*

   The controlled substances portion of the Public Health Code
       specifically authorizes a police officer to arrest a person upon
       reasonable cause to believe that the person is committing or
       has committed a felony, regardless of whether the violation was
       committed in the officer's presence. In this case, probable cause
       to arrest existed independent of the search warrant. The trial
       court's decision to quash the information and dismiss the
       charge therefore was clearly erroneous.

   Reversed.

CRIMINAL LAW — CONTROLLED SUBSTANCES — ARREST — PROBABLE
    CAUSE.

   The controlled substances portion of the Public Health Code
       specifically authorizes a police officer to arrest a person upon
       reasonable cause to believe that the person is committing or
       has committed a felony, regardless of whether the violation was
       committed in the officer's presence (MCL 333.7501; MSA
       14.15[7501]).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Edward Reilly Wilson,* Chief of
the Criminal Division, Civil and Special Litigation,

REFERENCES

Am Jur 2d, Arrest §§ 24 *et seq.*

What constitutes probable cause for arrest—Supreme Court cases.
    28 L Ed 2d 978.

and *A. George Best II,* Assistant Prosecuting Attorney, for the people.

*Hatchett, Dewalt, Hatchett & Hall* (by *William M. Hatchett*), for defendant.

Before: HOOD, P.J., and WEAVER and M. WARSHAWSKY,* JJ.

WEAVER, J. The prosecution appeals from an order of the Detroit Recorder's Court granting defendant's motion to quash and dismissing the charge against defendant for possession with intent to deliver Dilaudids in violation of MCL 333.7401(2)(b); MSA 14.15(7401)(2)(b). We reverse.

I

On January 22, 1986, defendant approached an undercover police officer in a pool hall located in Detroit at 2215 Park. After being told by the officer that she wanted to buy some cocaine, defendant conversed with a black male at the pool table and then told the officer that he could not do anything for her at the moment. However, when the officer left the pool hall she purchased cocaine from two black males who approached her on the street, one of whom was the person with whom defendant had just spoken.

On January 23, 1986, the officer obtained a search warrant for both the premises at 2215 Park and the persons identified on the search warrant, which included defendant, described as "B/M 50's, 5'11", 175, blk/gry hair." That same day two officers arrested defendant as he was making a turn in his vehicle approximately forty feet from the location at 2215 Park. The arrest was made

---

* Circuit judge, sitting on the Court of Appeals by assignment.

based upon defendant's physical description and his vehicle. An officer confiscated from defendant's pocket sixteen Dilaudid pills with an estimated street value of $350.

Following an evidentiary hearing on April 18, 1986, the Recorder's Court granted defendant's motion to quash, ruling that the search of defendant's person was unreasonable because the warrant was limited to 2215 Park and its description of defendant was too vague.

II

On appeal, the prosecution argues that the police had probable cause to arrest independent of the search warrant. We agree. Although we could refuse to review this issue because it is raised for the first time on appeal, we are compelled to invoke the exception and review the issue in order to prevent a miscarriage of justice. *People v Snow,* 386 Mich 586, 591; 194 NW2d 314 (1972).

This Court will not disturb a trial court's ruling at a suppression hearing unless that ruling is found to be clearly erroneous. *People v Burrell,* 417 Mich 439, 448; 339 NW2d 403 (1983). The trial court's ruling is clearly erroneous if the reviewing court is left with a definite and firm conviction that a mistake has been made. *People v Goss,* 89 Mich App 598, 601; 280 NW2d 608 (1979).

Here, we are of the definite and firm conviction that a mistake has been made and that the ruling by the Recorder's Court was clearly erroneous. The court relied upon *People v Krokker,* 83 Mich App 474; 268 NW2d 689 (1978), when finding that the search warrant did not justify the search of defendant's person because it was not sufficiently specific. In so doing, the Recorder's Court apparently focused on the discussion in *Krokker* which noted

that warrants for the search of a person must generally be obtained by describing with particularity the person to be searched so as to identify him or her with reasonable certainty. *Krokker* at 477-478. However, after recognizing that the warrant must be read in conjunction with the affidavit in support of the search warrant, the Court in *Krokker* found that the affidavit therein had in fact established probable cause for the police to search the defendant, making it unnecessary to describe the defendant with particularity in the warrant. *Id.* at 480-482.

In this case, the supporting affidavit was executed by the officer who had stated to defendant her intent to purchase cocaine and had observed defendant conversing with the man from whom she actually purchased the drug only minutes later upon leaving the pool hall. The search warrant described defendant, and the arresting officers also were alerted to look for the vehicle which defendant was in fact driving at the time of his arrest.

The controlled substances portion of the Public Health Code specifically authorizes a police officer to arrest a person upon reasonable cause to believe that the person is committing or has committed a felony, regardless of whether the violation was committed in the officer's presence. MCL 333.7501; MSA 14.15(7501). *People v Cook,* 153 Mich App 89, 91; 395 NW2d 16 (1986), lv den 426 Mich 873 (1986). When considering the facts of this case in light of all the circumstances, the record sufficiently demonstrates that the police had probable cause to arrest defendant independent of the warrant.

Because we find that there existed probable cause to arrest independent of the warrant, it is

unnecessary to analyze the prosecution's alternative argument regarding the reasonableness of the search based on the description in the search warrant.

Reversed.