**Mia F. BUCKNER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 91–CM–900.**

District of Columbia Court of Appeals.

Submitted Oct. 14, 1992.
Decided Nov. 13, 1992.

Dennis M. O'Connor, appointed by this court, was on the brief for appellant.

Jay B. Stephens, U.S. Atty., John R. Fisher, Michael F. Tubach, Roy W. McLeese, III and Ralph J. Caccia, Asst. U.S. Attys., were on the brief for appellee.

Before ROGERS, Chief Judge, KING, Associate Judge, and NEWMAN, Senior Judge.

NEWMAN, Senior Judge.

Buckner was charged with possession of a prohibited weapon—machine gun, an unregistered firearm, and unregistered am-

munition. After the trial court denied her motion to suppress evidence, Buckner entered a conditional guilty plea (pursuant to Super.Ct.Crim.R. 11(a)(2)) to all counts. On appeal she challenges only the denial of her suppression motion. We affirm.

### I.

On March 19, 1991, Hoben, a Special Agent of the Bureau of Alcohol, Tobacco and Firearms, observed a confidential informant make two illegal purchases of narcotics at 916 Varney Street. On both occasions, the informant entered the building and returned with the drugs; both times, the informant told the agent that he had made the purchases in the "last apartment [of two] on the left" in a hallway down a flight of stairs. With this information, Hoben applied for and obtained a warrant to search the apartment. The affidavit accompanying the application described the premises as follows:

> First floor corner apartment, 916 Varney Street S.E., Washington, D.C., described as a four story red brick structure with a green colored solid door, with the number 916 affixed to the outside of the main entry way. The corner apartment is described as down one flight of stairs where three apartment doors are situated with two on the left side and one on the right side, the door is tan in color and is the second door on the left side in the main hallway at the end of the hall.

On March 21, 1991, prior to executing the warrant, the agents sent the informant into the building for a third time. Upon his return, he further described the apartment subject to the warrant as having a rug in front of the door. When the agents entered the hallway of the building, they realized that the informant was mistaken in that there were two doors on the *right* side of the hallway and only one on the left. Nonetheless, the agents searched the sole apartment on the left, relying in part on the informant's general description, as well as the fact that there was a rug outside the door.

### II.

The Fourth Amendment provides that search warrants will not issue unless they particularly describe the place to be searched. The particularity requirement prohibits sweeping, exploratory searches, *Andresen v. Maryland,* 427 U.S. 463, 480, 96 S.Ct. 2737, 2748, 49 L.Ed.2d 627 (1976), and evidence seized in violation of the particularity requirement is subject to being suppressed pursuant to the exclusionary rule. *See Mapp v. Ohio,* 367 U.S. 643, 655, 81 S.Ct. 1684, 1691–92, 6 L.Ed.2d 1081 (1961); *Thompson v. United States,* 444 A.2d 972 (D.C.1982).

At the threshold, appellant argues that the erroneous description of her premises in the warrant and attached affidavit invalidates the subsequent search. We disagree. No talismanic formula exists by which courts calculate the degree of error necessary to implicate the "particularity" requirement of the Fourth Amendment. Instead, the lodestar principle guiding this court is, if the description is such that "the officer with a search warrant can, with reasonable effort, ascertain and identify the place intended," *United States v. Moore,* 263 A.2d 652, 653 (D.C.1970) (citing *Steele v. United States,* 267 U.S. 498, 503, 45 S.Ct. 414, 69 L.Ed. 757 (1925)), the particularity requirement is satisfied. Here, the error alleged is that the description of the premises specified in the warrant and affidavit called for the search of the apartment behind "the second door on the left side in the main hallway at the end of the hall." We find it reasonable for the police, discovering a single door on the left side of the hallway and two doors on the right, to give greater weight to the description placing the apartment "on the left" rather than "the second door." This is particularly so considering the apartment door could appear to be either on the "left" or the "right" depending upon the direction the informant was facing while standing in the hallway. *See United States v. Moore, supra* (warrant specifying "entire premises, 2nd floor front" was sufficiently particular despite the fact that the second floor was divided into two apartments, each fronting

on street); *United States v. Sklaroff,* 323 F.Supp. 296 (S.D.Fla.1971) (search upheld despite error describing apartment 310 as being on the second rather than the third floor); *People v. Moore,* 124 Ill.App.2d 204, 260 N.E.2d 255 (1970) (warrant for search of "second floor apartment at 30 East 69th St.," sufficient despite the presence of two apartments on the second floor numbered 30 and 32); *United States v. Contee,* 170 F.Supp. 26 (D.D.C.1959) (search validated despite warrant which described the premises as "entire Apt. A," and the apartment searched was a basement apartment at the correct address but not designated "Apt. A"); *See generally,* Annotation: Search Warrant—Apartment or Room, 11 A.L.R.3d 1330 (1985 ed.); 2 W. LaFave, Search and Seizure § 4.5(a), at 211–215 (2d ed. 1987) and accompanying cases.[1]

■ In addition, appellant challenges the officers' reliance on the informant's information not contained in the warrant— that there was a rug in front of the suspect apartment. It is well settled that police are not *per se* precluded from taking into account facts known by the executing officer but not specifically stated in the affidavit or warrant to validate a search. For example, in *United States v. Burke,* 784 F.2d 1090 (11th Cir.), *cert. denied,* 476 U.S. 1174, 106 S.Ct. 2901, 90 L.Ed.2d 987 (1986), the Eleventh Circuit Court of Appeals validated a search of an apartment despite the presence of an incorrect address in the warrant. The court relied on the fact that the affiant was on the scene and pointed out the house to be searched when an error was discovered in the address. *Burke,* 784 F.2d at 1093. Similarly, in *United States v. Clement,* 747 F.2d 460 (8th Cir.1984), police officers executed a search warrant which described the premises to be searched by Clement's name and street address, as well as apartment four. Howev-

er, the officers searched an apartment identified as number three where Clement was actually residing. The circuit court upheld the search noting that the officer had been to the residence sought to be searched several times and actually knew where the named occupant lived. *Clement,* 747 F.2d at 461. Finally, in *United States v. Gitcho,* 601 F.2d 369 (8th Cir.), *cert. denied,* 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979), the warrant described the premises to be searched as "4144 Geraldine, Apt. # 7, Parc Chalet Apartments, St. Louis County, Mo." The police, in finding no such building, searched 4146 Parc Chalet, Apartment 7 instead, a building under previous surveillance. The Eighth Circuit Court of Appeals upheld the search stressing "the fact that the agents executing the warrant personally knew which premises were intended to be searched ...," and that "[t]he premises which were intended to be searched were, in fact, those actually searched." *Gitcho,* 601 F.2d at 732.

Applying the rationale of the cited case law to the case before us, we find that the description of the property found in the warrant and affidavit was particular enough to satisfy the prerequisites of the Fourth Amendment and was not invalidated by any additional information known by the executing officers. We caution, however, that our acknowledgement of relevant case law in other jurisdictions sanctioning the use of post-warrant information should neither be construed as a blanket endorsement of such procedures nor as a bellwether of our intent to dilute the particularity requirement of the written warrant and affidavit.

*Affirmed.*

---

1. The trial court bottomed its conclusions on those principles enunciated in *Maryland v. Garrison,* 480 U.S. 79, 107 S.Ct. 1013, 94 L.Ed.2d 72 (1987). However, the Supreme Court in *Garrison* was confronted with a situation whereby the police mistakenly searched the wrong premises *prior* to becoming aware of the deficiencies in the warrant. Here, the police were aware of the deficiencies *before* the search ensued—a fun-

damentally dissimilar situation. *United States v. Owens,* 848 F.2d 462, 466–67 (4th Cir.1988) (Winter, C.J., dissenting). Notwithstanding, when reviewing suppression motions we are free on appeal to "affirm a decision for reasons other than those given by the trial court." *Alston v. United States,* 518 A.2d 439, 440 n. 2 (D.C.1986).