PEOPLE *v.* WILLIAMS #2

PEOPLE *v.* WRIGHT

PEOPLE *v.* GILLARD

1. ARREST—JOHN DOE WARRANT—PROBABLE CAUSE.
   Defendant's claim that a general "John Doe" warrant violated Federal and State Constitutions is unnecessary to decide where the defendant's arrest was lawful without a warrant because at the time of arrest the police knew a felony had been committed and they had reasonable cause to believe that the defendant committed it (CL 1948, § 764.15[c]).

2. CRIMINAL LAW—CONFESSIONS—VOLUNTARINESS—ADMISSIBILITY.
   Written confessions of two defendants were voluntary and admissible where defendants were advised of the right to remain silent, that no statement or answer to a question was required of them, that any statement or answer given would be used in evidence in a criminal prosecution against them, that they had the right to consult an attorney or other person of their choice and to have an attorney or other person present at that time or at any time thereafter, that they could not be questioned without their consent in the absence of an attorney or other person, that if they could not afford attorneys,

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Arrest §§ 7–17.
[2, 3] 30 Am Jur 2d, Evidence §§ 539–541.

the court would appoint attorneys for them at county expense before questioning, that they could refuse to answer any time, and after being advised defendants stated their willingness to make statements and answers, stated that they did not want attorneys and that the statements were given freely and voluntarily without threats or promises being made, and that the statements were true to the best of their knowledge.

3. CRIMINAL LAW—CONFESSIONS—CODEFENDANT—HARMLESS ERROR.
   Admission of confessions of two codefendants implicating defendant in the crimes of burglary and possession of burglary tools was harmless error where defendant was caught in the building burglarized.

Appeal from Wayne, James L. Ryan, J.  Submitted Division 1 April 13, 1970, at Detroit. (Docket Nos. 5,824, 5,851, 6,123, 6,124, 6,598, 6,599.) Decided May 25, 1970.  Application for leave to Decided May 25, 1970.  Leave to appeal denied as to Williams and Wright October 22, 1970.  384 Mich 770.  Leave to appeal denied as to Gillard August 25, 1970.  383 Mich 821.

Willie Williams, Richard Wright and Willie Gillard were convicted of breaking and entering a business establishment with intent to commit the crime of larceny and possession of burglary tools. Defendants appeal.  Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Angelo A. Pentolino,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow* (Defenders' Office—Legal Aid and Defenders Association of Detroit), for defendants Williams and Wright on appeal.

*Sheldon M. Meizlish* for defendant Gillard on appeal.

Before: QUINN, P. J., and J. H. GILLIS and O'HARA,* JJ.

QUINN, P. J.   Defendants were charged with breaking and entering a business establishment with intent to commit the crime of larceny, MCLA § 750-.110 (Stat Ann 1970 Cum Supp § 28.305) and with possession of burglary tools, MCLA § 750.116 (Stat Ann 1962 Rev § 28.311).   March 25, 1968, the jury convicted them of both offenses, they were sentenced and they appeal.

Defendant Williams attacks his conviction on the basis that his confession was improperly admitted in evidence.

Defendant Wright contends he was denied a fair trial because the statements of Williams and Gillard were admitted in evidence and these statements implicated Wright.

Defendant Gillard argues that his confession resulted from an illegal arrest, and it was improperly admitted in evidence.   He further attacks the admission of his confession on the basis that it was obtained during an unreasonable delay between his arrest and arraignment before the magistrate.   Defendant Gillard also claims he did not receive adequate advice as to his constitutional rights prior to making the confession.

About 11 p.m. April 30, 1967, Williams and Wright were apprehended in a business establishment in Flat Rock.   Entry of the establishment had been gained by force.   Near defendants, the police found a bag containing tools suitable for burglary purposes.   Williams and Wright were arrested, taken to the Flat Rock police station and booked.   May 1, 1967, a warrant was issued charging Williams,

---

* Former Supreme Court Justice, sitting on Court of Appeals by assignment pursuant to Const 1963, art 6, § 23, as amended in 1968.

Wright and John Doe with possession of burglary tools. At arraignment before the magistrate the same day, Williams stood mute. Thereafter on May 1, 1967, Williams gave a statement to the police which implicated Gillard.

At 5:30 p.m. on May 5, 1967, Gillard was arrested on the John Doe warrant, and between 10:35 and 11:33 a.m. on May 6, 1967, Gillard gave a statement to the police.

May 29, 1967, a warrant issued charging the defendants Williams, Wright and Gillard with breaking and entering a business establishment with intent to commit the crime of larceny.

Claiming that the general "John Doe" warrant violated US Const, Ams 4 and 14, and Const 1963, art 1, § 11, defendant Gillard contends on appeal that his confession was the product of an illegal arrest and hence was inadmissible. We find it unnecessary to pass on this question. At the time of Gillard's arrest, the police knew a felony had been committed and they had reasonable cause to believe that Gillard committed it. Under CL 1948, § 764.15 (c) (Stat Ann 1954 Rev § 28.874[c]), Gillard's arrest was lawful without a warrant.

Prior to trial, defendants Williams and Gillard moved to suppress their confessions. After an extensive *Walker* hearing, the circuit judge found both confessions were voluntary and admissible. After being advised of the right to remain silent, that no statement or answer to a question was required of them, that any statement or answer given would be used in evidence in a criminal prosecution against them, that they had the right to consult an attorney or other person of their choice and to have an attorney or other person present at the time or at any time thereafter, that they could not be questioned without their consent in the absence of an attorney

or other person, that if they could not afford attorneys, the court would appoint attorneys for them at county expense prior to questioning, and that they could refuse to answer at any time, the defendants confessed in writing. They stated their willingness to make statements and answer questions. They further stated that they did not want attorneys and that the statements were given freely and voluntarily without threats or promises being made and that the statements were true to the best of their knowledge. Such a record precludes a finding by this Court that the findings of the trial court as to voluntariness and admissibility were clearly erroneous as required by GCR 1963, 517.1 and *People* v. *Walker* (1967), 6 Mich App 600.

Defendant Wright was caught in the building burglarized. The fact that the confessions of Williams and Gillard may have implicated him does not require reversal in this instance. The admission of these confessions was harmless error. CL 1948, § 769.26 (Stat Ann 1954 Rev § 28.1096), GCR 1963, 529.1, *Harrington* v. *California* (1969), 395 US 250 (89 S Ct 1726, 23 L Ed 2d 284).

Affirmed.

All concurred.