PEOPLE *v.* ROMANO

1. ARREST—PROBABLE CAUSE—POSSESSION OF NARCOTICS.

A police officer had probable cause to believe that a felony had been committed and reasonable cause to believe the defendant committed it where the officer admitted defendant to the home of other persons whom he had come to arrest pursuant to a warrant, observed the defendant drop a manila envelope into a kitchen wastebasket, and found the envelope to contain 13 individually-wrapped tinfoil packets of what he believed to be heroin, so that defendant's arrest for unlawful possession of heroin was legal (MCLA § 335.153).

2. SEARCHES AND SEIZURES—PLAIN VIEW—NARCOTICS.

Police had the right to seize an envelope, which they reasonably believed contained narcotics, from a wastebasket into which they observed defendant drop it where the officers were properly on the premises to execute a warrant for arrest and could therefore seize objects falling in their plain view.

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—DELAY.

Delay between the defendant's arrest and preliminary examination was not unreasonable where defendant was arrested on April 14, appeared at the arraignment on the warrant on April 15, when preliminary examination was set for April 24, on April 24 substitute counsel was appointed for defendant, and examination on various charges against defendant was held from April 30 until May 23 (MCLA § 766.4).

4. CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO PRODUCE—HARMLESS ERROR.

Failure of the people to produce a known *res gestae* witness at trial is error, but if the witness's testimony has no probative

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Arrest §§ 24, 25, 32.
[2] 47 Am Jur, Searches and Seizures § 20.
[3] 21 Am Jur 2d, Criminal Law § 445.
[4, 5] 58 Am Jur, Witnesses § 3.

value, it is harmless error; therefore, the trial court did not err in excusing the people fom producing a *res gestae* witness where the defendant himself testified that the witness was not in a position to identify an object, which he claimed to be a cigarette butt and which police officers said was an envelope of narcotics, that he had dropped into a wastebasket.

5. CRIMINAL LAW—RES GESTAE WITNESSES—FAILURE TO PRODUCE— DUE DILIGENCE.

Finding that the prosecution had used due diligence in attempting to produce an indorsed *res gestae* witness was not reversible error where police officers testified to the reasonable effort they used to locate the witness and the court further required the officers to attempt to locate the witness during noon break in the trial.

Appeal from Kent, George V. Boucher, J. Submitted Division 3 May 4, 1971, at Grand Rapids. (Docket No. 8986.) Decided July 23, 1971. Leave to appeal denied, 386 Mich 769.

Carlos Romano was convicted of the unlawful possession of narcotics. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *James K. Miller,* Prosecuting Attorney, and *Donald A. Johnston, III,* Chief Appellate Attorney, for the people.

*Robert E. Gersch,* for defendant on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and LEVIN, JJ.

HOLBROOK, J. Defendant was convicted in a non-jury trial in the Kent County Circuit Court of the crime of unlawfully possessing a narcotic drug without a license, contrary to MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

The pertinent facts appearing in the record are as follows:

Warrants had been issued for the arrest of Fred Johnson, his wife, Jennifer Johnson, and John Doe, also known as Carlos, for the unlawful sale of heroin. MCLA § 335.152 (Stat Ann 1957 Rev § 18.1122). Pursuant to the warrants, several officers of the state police proceeded to the Johnson home at 34 Hall Street S. W. in the City of Grand Rapids to arrest the Johnsons.

The officers arrived at the Johnson home at approximately 7 p.m. on April 14, 1969, but found no one home. Expecting the return of the Johnsons at any minute, these officers entered the house to await their arrival. The Johnsons did not return, but at 7:10 p.m. the front doorbell rang. Detective George Kerr opened the door and saw defendant Carlos Romano and an unidentified white female standing on the other side. Defendant asked for Fred and upon being asked by the detective who he was, defendant identified himself as Carlos Romano.

Detective Kerr admitted defendant and followed him as he walked through the living and dining rooms into the kitchen calling aloud for Fred all the while. Defendant stopped in the middle of the kitchen and, still calling for Fred, started going through his pants and coat pockets. He then turned around to face Detective Kerr, took a small manila envelope out of his right hand, placed it into his left hand and walked over to the kitchen door near where the detective was standing. As he walked through the door, defendant dropped this envelope into a wastebasket and then proceeded into the living room where he took a seat.

The manila envelope was retrieved from the wastebasket by Detective Kerr and found to contain 13

individually wrapped tinfoil packets of what he believed to be heroin. Detective Kerr then placed defendant under arrest, both on the outstanding warrant for sale of narcotics and on the detective's probable cause to believe that defendant had been in possession of narcotics in his presence. Defendant was lodged in the Kent County jail and subsequently arraigned on the original warrant charging him with sale of heroin as well as a new warrant charging him with unlawful possession of heroin in violation of MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

Examination of the manila envelope containing the 13 tinfoil packets by the latent prints section of the Michigan State Police laboratory produced a positive identification of defendant's fingerprints thereon. Analysis of the substance contained in each of the 13 tinfoil packets revealed this substance to be cocaine.

Preliminary examination for defendant on the possession charge was commenced April 30 and completed May 23, 1969. The complaint and warrant were amended at that time to charge possession of cocaine instead of possession of heroin, and at the conclusion of the proofs defendant was ordered bound over to the Circuit Court for the County of Kent on this charge.

On appeal, defendant questions the legality of the arrest, search, and seizure, and the admissibility of the narcotics into evidence. He also asserts reversible error because of the failure to produce "Carol" as a *res gestae* witness, and holding a preliminary examination more than ten days after the arrest and arraignment. Defendant also maintains that the verdict of the court was not supported by sufficient evidence to convict beyond a reasonable doubt.

### *Arrest*

Defendant contends that "John Doe, also known as Carlos" fails to satisfy the requirements of independent description and identification.

The defendant testified in part as follows:

"We rang the doorbell  *  *  *  .  We got in the house. He asked me what my name was, and I told him Carlos.

"*Q.* Who asked you this?

"*A.* Detective Kerr.

\*  \*  \*

"*Q.* What was your conversation?

"*A.* Well, he just asked me what my name was, and I said Carlos, and in the process of this, I was calling Fred.  *  *  *  I asked where Fred was. Detective Kerr said 'He is not here now, he will be back in a few minutes.' "

A police informer by the name of Leonard Fowler had supplied information concerning the unlawful activities of the defendant. In fact, the warrant was based upon a sale of heroin to the said Leonard Fowler.

There is no need to decide the sufficiency of the description since the defendant was not arrested immediately upon entering the house and was not arrested until after the detective observed him drop the manila envelope in the wastebasket. Detective Kerr and the other officers were lawfully on the premises pursuant to the arrest warrant which had been issued for the arrest of Fred Johnson, the scene of the arrest being the Johnson home.

Although an arrest pursuant to the warrant may have been justified under the facts in this case, the finding of the manila envelope in the wastebasket where the officer observed defendant place it and its inspection leading to a reasonable conclusion that it

contained narcotics was sufficient for an arrest based upon knowledge and belief that the offense of possession had been committed in the presence of the officer. The claim at trial of defendant that what he had dropped in the wastebasket was a wet cigarette butt merely raised an issue of fact for determination.

Where an officer has probable cause to believe a felony has been committed and reasonable cause to believe that defendant committed that felony, the arrest is lawful. *People* v. *Williams #2* (1970), 23 Mich App 711; *People* v. *Pantoja* (1970), 28 Mich App 681.

### Search and Seizure and Admissibility of Evidence

Because of the arrest warrant, the officer was properly on the premises to apprehend Fred Johnson. When defendant Carlos became identified and was observed dropping or tossing a manila envelope into the wastebasket, which upon inspection led to a reasonable conclusion that it contained narcotics, the detective had the right to seize the envelope.

It is well established that a police officer in a legally obtained position may seize objects falling in plain view. *Harris* v. *United States* (1968), 390 US 234 (88 S Ct 992, 19 L Ed 2d 1067); *People* v. *Cook* (1970), 24 Mich App 401; *People* v. *Surles* (1970), 29 Mich App 132.

### Delay in Holding Preliminary Examination

Defendant asserts that an unreasonable delay occurred after arrest in the holding of the preliminary examination, MCLA § 766.4 (Stat Ann 1954 Rev § 28.922), and prejudice resulted because the witness "Carol" could have been produced during this

time.   Pertinent testimony of the defendant as to the fact that "Carol" could not possibly assist in this defense is as follows:

"Q. And where was Carol at that point, if you recall?

"A. Well, when I started back to the dining room or approaching Detective Kerr, Carol was not inside.

"Q. You couldn't see her?

"A. No.

"Q. Then would it be fair to say, if you dropped the cigarette butt in the waste basket, she wouldn't see you to do that, either?

"A. It would be fair to say that.

"Q. And basically, she would have no knowledge what you dropped in the waste basket at that point, would she?

"A. She would not."

The defendant was arrested on April 14, 1969. He was arraigned on the warrant on April 15 and the examination was set for April 24.   It appears that on that day substitute counsel was appointed for him and that the examination on this or some other charges involving Fred Johnson and the defendant, or both of them, began on April 30 and did not conclude until May 23, 1969.   Adjournment under such circumstances is reasonable and does not violate the statute.   *People* v. *Davis* (1968), 11 Mich App 461.

### Failure to Produce Carol

There is no question but that *res gestae* witnesses must be called.   It is error not to do so; it is harmless error where their testimony has no probative value.   *People* v. *Campbell* (1971), 30 Mich App 43. According to defendant's own testimony, the witness Carol could not identify the object that defendant

claimed he dropped into the basket, the reason being that she was not in a position to see the defendant drop the envelope in the wastebasket. The trial court recognized this fact and saw "no essential unfairness  *  *  *  as far as the defendant and his rights are concerned". Our review of the record supports the trial court's conclusion.

The trial court was also satisfied after hearing the testimony of the police officers that reasonable efforts were used to locate this "elusive endorsed witness, Carol". As a further precaution, the court required the officers, during a noon break in the trial, to locate Carol. They made two separate calls at a known address without success.

A showing of due diligence in attempting to produce a witness endorsed on the information will excuse the prosecutor from production of a witness at trial. *People* v. *Lewis* (1970), 25 Mich App 132. The question of whether or not diligence has been exercised is a matter to be determined by the trial court subject to reversal on appeal only for clear error. *People* v. *Tiner* (1969), 17 Mich App 18; *People* v. *Russell* (1970), 27 Mich App 654, 665; *People* v. *Alexander* (1970), 26 Mich App 321. The record in the instant case fails to disclose reversible error by the trial judge. *People* v. *Kern* (1967), 6 Mich App 406; *People* v. *Melvin Jackson* (1970), 21 Mich App 129.

### Sufficiency of Evidence

After careful review of the evidence in the record, we are convinced that there is sufficient evidence present if believed by the trier of the facts to support the verdict of guilty beyond a reasonable doubt. *People* v. *Bennett* (1966), 3 Mich App 326.

Affirmed.

All concurred.