PEOPLE v COOK

Docket No. 83251. Submitted February 13, 1986, at Detroit. Decided
April 10, 1986. Leave to appeal denied, 426 Mich 872.

Defendant, Dale A. Cook, was charged with possession of less
than fifty grams of cocaine. On July 25, 1984, police executed a
search warrant for the premises at 4415 Fairview in Detroit.
Police Officer John Autrey had been present at that address on
the previous day when an informant, who had been used in
prior cases, made a controlled buy. Defendant was involved in
the controlled buy and was named in the search warrant.
Autrey was the affiant on the warrant. When police executed
the search warrant, defendant was not in the house. However,
as police left the house, Autrey saw defendant standing on the
grass between the sidewalk and the street. Autrey directed
other officers to detain defendant. Defendant resisted, and
swung at an officer. As police wrestled him to the ground, a
clear plastic bag fell from his pocket. The bag contained the
cocaine. Defendant made a motion in the Recorder's Court of
Detroit to suppress the cocaine, which it granted, dismissing
the charge, James E. Roberts, J. The people appealed. *Held:*

1. Whether defendant was sufficiently on the premises to
have been searched pursuant to the search warrant is irrele-
vant. The police had probable cause to arrest defendant for
delivery of cocaine as a result of the controlled buy.

2. The fact that the police characterized the actions taken as
detaining defendant to execute the search warrant is immate-
rial. Challenged police actions are to be judged under a stan-
dard of objective reasonableness without regard to the underly-
ing intent or motivation of the officers involved.

3. Arguments raised by the prosecution for the first time on
appeal will generally not be considered, however an exception

REFERENCES

Am Jur 2d, Appeal and Error §§ 612 *et seq.*

Am Jur 2d, Searches and Seizures § 2.

Survivability of action against federal officials for damages based on
alleged constitutional violation. 48 ALR Fed 587.

See also the annotations in the ALR3d/4th Quick Index under
Search and Seizure.

may be made to prevent a miscarriage of justice if there is sufficient record upon which the reviewing court can decide the issue. The theory of probable cause to arrest defendant independent of the search warrant was not raised at trial, but ignoring it on appeal would result in a miscarriage of justice.

Reversed.

1. SEARCHES AND SEIZURES — OBJECTIVE REASONABLENESS TEST.

Challenged searches and seizures should be examined under a standard of objective reasonableness without regard to the underlying intent or motivation of the police officers involved.

2. APPEAL — CRIMINAL LAW — PRESERVING QUESTION.

Arguments raised by the prosecution for the first time on appeal will generally not be considered, however an exception may be made to prevent a miscarriage of justice if there is sufficient record upon which the reviewing court can decide the issue.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, and *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, for the people.

State Appellate Defender (by *Stuart B. Lev*), for defendant on appeal.

Before: M. J. KELLY, P.J., and D. F. WALSH and WAHLS, JJ.

PER CURIAM. The prosecution appeals from a Detroit Recorder's Court order dismissing the charge against defendant of possession of cocaine, less than fifty grams, MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv). Following an evidentiary hearing the court granted defendant's motion to suppress, ruling that the cocaine was obtained as the result of an illegal search.

On July 25, 1984, police executed a search warrant for the premises at 4415 Fairview in Detroit. Police Officer John Autrey had been present at that address on the previous day when an informant, who had been used in prior cases, made a

"controlled buy." Defendant was involved in the "controlled buy" and was named in the search warrant. Autrey was the affiant on the warrant. When the police executed the search warrant, defendant was not in the house. However, as the police exited from the house, Autrey saw defendant standing on the grass between the sidewalk and the street. Autrey directed other officers to detain defendant. Defendant resisted, and swung at a police officer. As the police wrestled him to the ground, a clear plastic bag fell from his pocket. The bag contained the cocaine which was the subject of the suppression hearing.

The issue at the suppression hearing was whether defendant was sufficiently on the premises to have been searched pursuant to the search warrant. However, regardless of the search warrant, the police already had probable cause to arrest defendant for delivery of cocaine based on the incidents of the preceding day, as described in the affidavit supporting the search warrant. The controlled substances act specifically authorizes a police officer who has reasonable cause to believe that an individual is committing or has committed a felony under that act to arrest the individual without a warrant whether or not the violation was committed in the officer's presence. MCL 333.7501; MSA 14.15(7501). See also *People v Romano,* 35 Mich App 135, 139; 192 NW2d 271 (1971), lv den 386 Mich 769 (1971).

Officer Autrey admitted at the hearing that he ordered defendant detained to execute the search warrant and that defendant was not under arrest. This Court has held that terminology used in effectuating the arrest is not determinative. *People v Simmons,* 134 Mich App 779, 783; 352 NW2d 275 (1984), lv den 421 Mich 860 (1985). The United States Supreme Court has ruled that challenged

searches should be examined under a standard of objective reasonableness without regard to the underlying intent or motivation of the officers involved. *Scott v United States,* 436 US 128, 138; 98 S Ct 1717; 56 L Ed 2d 168 (1978). Since, viewed objectively, the officers had probable cause to arrest defendant for delivery of heroin, their subjective belief that they should detain him pursuant to the search warrant does not render the arrest invalid.

This theory of probable cause to arrest defendant independent of the search warrant was not raised to the trial court. As defendant points out, our Supreme Court has refused to consider arguments raised by the prosecution for the first time on appeal. *People v Oliver,* 417 Mich 366, 385-386; n 17; 338 NW2d 167 (1983). However, the Supreme Court has also noted that exception to the general rule has been made on numerous occasions both in civil and criminal cases to prevent a miscarriage of justice if there is sufficient record upon which the court can decide the issue. *People v Snow,* 386 Mich 586, 591; 194 NW2d 314 (1972).

We think there would be a miscarriage of justice if we were to ignore the analysis proposed by the prosecution in its brief on appeal. There is no dispute that defendant possessed cocaine when the police apprehended him and the record is fully sufficient to support the conclusion that the police had probable cause to arrest the defendant regardless of the warrant.

Since we find that the seizure of the cocaine was made incident to a lawful arrest, we reverse the trial court's order suppressing the evidence and dismissing the charge.

Reversed.