PEOPLE v CRAYNE

Docket No. 97281. Submitted August 5, 1987, at Detroit. Decided
    September 9, 1987.

Raymond T. Crayne was charged with assault with intent to
commit criminal sexual conduct involving sexual penetration, a
ten-year felony. Defendant pled no contest in Recorder's Court
of Detroit to criminal sexual conduct in the second degree, a
fifteen-year felony. The trial court, John N. O'Brien, J., in
accepting the plea, relied on the investigator's report, which
established that defendant had unzipped his pants in front of
the seven-year-old complainant, had produced a knife and had
told the complainant to commit fellatio on him. Defendant
appealed, arguing that the facts established were insufficient to
support his plea to second-degree criminal sexual conduct.

The Court of Appeals *held:*

1. Normally the failure to raise the question of the sufficiency
of the factual basis before the trial court would preclude
appellate review; however, where, as here, there is a sufficient
record and a miscarriage of justice would result from the
failure to review the issue, appellate review will be undertaken.

2. While the factual basis established by the trial court is
sufficient to support the charged assault charge, that factual
basis is insufficient to support the crime of second-degree crimi-
nal sexual conduct to which defendant offered his plea, because
there was no evidence of sexual contact.

3. The provision in the guilty plea court rule which provides
that before accepting a plea of nolo contendere the court must
establish a factual basis for either the charged crime or the
crime to which the plea was offered was not intended to be
applicable where the crime to which the plea was offered was
subject to a greater punishment than the charged crime. Ac-

REFERENCES

Am Jur 2d, Criminal Law §§ 469 *et seq.*; 492 *et seq.*

Am Jur 2d, Rape §§ 20 *et seq.*; 88 *et seq.*

Sufficiency of allegations or evidence of serious bodily injury to
    support charge of aggravated degree of rape, sodomy, or other
    sexual abuse. 25 ALR4th 1213.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

cordingly, a sufficient factual basis was not established to support the plea in the present case.

4. On remand the prosecutor shall have the opportunity to establish a sufficient factual basis for the crime of criminal sexual conduct in the second degree.

Remanded.

1. RAPE — ASSAULT WITH INTENT TO RAPE — SEXUAL CONTACT — EVIDENCE — SUFFICIENCY OF EVIDENCE.

Evidence of exposure by a male of his genitals to a child of less than thirteen years of age when accompanied with evidence of the displaying of a knife and a demand that the child commit the act of fellatio is sufficient to sustain a conviction of assault with intent to commit criminal sexual conduct involving sexual penetration, but such evidence will not support a conviction of criminal sexual conduct in the second degree, since conviction of criminal sexual conduct in the second degree requires proof of actual sexual contact (MCL 750.520c[1][a], 750.520g[1]; MSA 28.788[3][1][a], 28.788[7][1]).

2. CRIMINAL LAW — GUILTY PLEAS — NOLO CONTENDERE — FACTUAL BASIS OF PLEAS.

The guilty plea court rule provision requiring the court, before accepting a plea of nolo contendere, to "establish support for a finding that the defendant is guilty of the charged offense or the offense to which he is pleading" does not give the court discretion to accept a plea of nolo contendere to a charge having a greater possible sentence than the charged offense where the factual basis would only support a conviction for the charged offense but would not support a conviction for the charge with the greater sentence to which the plea is being offered (MCR 6.101[F][3][a]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division Research, Training and Appeals, and *Susan Randolph,* Assistant Prosecuting Attorney, for the people.

*Theodore B. Sallen,* for defendant on appeal.

Before: SHEPHERD, P.J., and HOOD and T. M. BURNS,* JJ.

SHEPHERD, P.J. Defendant was charged with assault with intent to commit criminal sexual conduct involving sexual penetration, MCL 750.520g(1); MSA 28.788(7)(1). Defendant pled no contest to second-degree criminal sexual conduct, MCL 750.520c(1); MSA 28.788(3)(1), on March 10, 1982. The court sentenced him to five to fifteen years in prison on April 5, 1982. Defendant moved to set aside his plea (which the motion termed a "guilty plea") on October 14, 1986, on the grounds that the court failed to advise defendant that he was waiving his right of self-representation. The trial court denied the motion on October 29, 1986.

On appeal, however, defendant argues that an insufficient factual basis existed for defendant's no contest plea. Defendant asks that his conviction and sentence be reversed and the case remanded. Normally, defendant's failure to raise the insufficiency of the factual basis below would preclude our considering it on appeal. We believe, however, a miscarriage of justice would result if we do not review this issue. Moreover, a sufficient record has been made to decide this issue. See *People v Cook*, 153 Mich App 89, 92; 395 NW2d 16 (1986).

Then-applicable GCR 1963, 785.7(3)(b), now MCR 6.101(F)(3)(b) provided:

> If the defendant pleads nolo contendere, the court shall not question him about his participation in the crime. The court shall:
> (i) state why a plea of nolo contendere is appropriate; and
> (ii) conduct a hearing, unless there has been one, that establishes support for a finding that the

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

defendant is guilty of the offense charged or the offense to which he is pleading.

The reason offered for a no contest plea involved defendant's inability to remember the events as a result of medication he had taken for two years for mental problems. The incident apparently involved a seven-year-old victim. Pursuant to a stipulation, the court established the factual basis by using the investigator's report:

> . I will read the pertinent parts here into the record; the complainant was in the front yard playing with the defendant, the defendant unzipped his pants and pulled out a knife and then told her, the complainant, to suck his penis. The complainant started to run and the complainant's father gave chase and the police arrested him. This is what [the complainant's mother would testify], that she saw the defendant talking to the complainant, walked out on her front porch and seen him with his penis in his hand and the knife in the other hand. She would testify to the daughter screaming and running towards her.

We agree with the prosecution's claim that this evidence would clearly be sufficient to support a finding that defendant was guilty of the originally charged offense: assault with intent to commit criminal sexual conduct involving sexual penetration.[1] *People v Snell,* 118 Mich App 750, 754-755; 325 NW2d 563 (1982).

That evidence, however, is not sufficient to support a finding that defendant committed second-degree criminal sexual conduct, which in this case

---

[1] Defendant apparently concedes that this evidence would support a finding of "attempt criminal sexual conduct in the second degree," but it is unclear whether defendant is referring to assault with intent to commit second-degree criminal sexual conduct, MCL 750.520g(2); MSA 28.788(7)(2).

would require establishing that defendant had engaged in sexual contact with a person under thirteen years of age. MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). "Sexual contact" is defined as follows, MCL 750.520a(k); MSA 28.788(1)(k):

> "Sexual contact" includes the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification.

The prosecutor does not comment on the adequacy of the factual basis with regard to second-degree criminal sexual conduct. The prosecutor rather relies on the language in the guilty plea court rule which requires the court to "establish support for a finding that the defendant is guilty of the offense charged *or* the offense to which he is pleading" (emphasis added). MCR 6.101(F)(3)(b)(ii). We cannot agree, however, that this language gives the court discretion to accept a plea to a greater charge after finding that the evidence establishes a factual basis which supports only guilt on a lesser charge.

Assault with intent to commit criminal sexual conduct involving sexual penetration is a felony with a maximum penalty of ten years. MCL 750.520g(1); MSA 28.788(7)(1). Second-degree criminal sexual conduct is a felony with a maximum penalty of fifteen years. MCL 750.520c(2); MSA 28.788(3)(2). The alternative provided in the guilty plea court rule appears to be directed at the more usual case where defendant offers a plea to a reduced charge, but the evidence supports the greater charge. The record in the instant case is silent as to why defendant offered a plea to a

charge with a greater possible sentence than the offense with which he was charged. Nonetheless, we believe manifest injustice will result if we permit such a situation to stand without an adequate factual basis.

We believe the appropriate remedy is a remand at which the prosecutor will be offered an opportunity to supply evidence that defendant is guilty of second-degree criminal sexual conduct in accordance with the procedures outlined in *Guilty Plea Cases,* 395 Mich 96, 128-129; 235 NW2d 132 (1975), and *People v Stevens,* 138 Mich App 438, 442; 360 NW2d 216 (1984). If such evidence is not available, a plea of no contest to the lesser offense which carries a maximum sentence of ten years will be entered and defendant will be resentenced. We do not retain jurisdiction.

Remanded.