PEOPLE v FREENEY

Docket No. 96631. Submitted December 16, 1987, at Lansing. Decided
    February 1, 1988.

Hastern S. Freeney was charged in Jackson Circuit Court with
    assaulting a prison employee while incarcerated and with
    felonious assault after striking a prison employee in the chest
    with a racquetball racket. The jury returned a guilty verdict
    only as to the charge of assaulting a prison employee while
    incarcerated. Defendant then pled guilty to being a third felony
    offender and was sentenced to a prison term of from six to
    eight years, to be served consecutively to any sentence then
    being served, James G. Fleming, J. Defendant appealed.

    The Court of Appeals *held:*

    1. Defendant's contention that the trial court erred in failing
    to instruct the jury on specific intent as an element of the
    assault on a prison employee charged in the first count, while
    charging the jury that specific intent was an element of the
    felonious assault charged in the second count, is both unpre-
    served and without merit. Defendant not only did not object to
    the instructions given but, rather, specifically approved of
    them. Because there is no showing of manifest injustice, defen-
    dant's failure to object to the instructions waives any claim of
    error. Furthermore, assuming that a specific intent instruction
    would have been appropriate, the court's explanation that
    defendant must have "tried to physically injure" or must have
    "intended to injure" the victim was an adequate description of
    the requisite intent under any construction of the statute.

    2. Defendant's sentence of from six to eight years imprison-
    ment for the habitual offender conviction is not subject to the

REFERENCES
Am Jur 2d, Assault and Battery §§ 6, 13-21.
Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 9, 30.
Am Jur 2d, Trial § 623.
Validity and construction of statute or ordinance mandating impris-
    onment for habitual or repeated traffic offender. 2 ALR4th 618.
What constitutes former "conviction" within statute enhancing
    penalty for second or subsequent offense. 5 ALR2d 1080.
See the annotations in the Index to Annotations under Assault and
    Battery, Habitual Criminals and Subsequent Offenders.

rule that a minimum sentence cannot exceed two-thirds of the maximum sentence imposed. That rule does not apply to habitual offender sentences.

Affirmed.

1. CRIMINAL LAW — JURY INSTRUCTIONS — PRESERVING QUESTION.
    Failure to object to criminal jury instructions waives any claim of error as to the instructions given in the absence of manifest injustice.

2. CRIMINAL LAW — ASSAULTING A PRISON EMPLOYEE WHILE INCARCERATED — JURY INSTRUCTIONS — INTENT.
    A court's explanation to the jury that the defendant must have "tried to physically injure" or must have "intended to injure" the victim is an adequate description of the requisite intent necessary to convict the defendant of assaulting a prison employee while incarcerated (MCL 750.197c; MSA 28.394[3]).

3. CRIMINAL LAW — HABITUAL OFFENDERS — SENTENCING — TWO-THIRDS RULE.
    The rule that a minimum sentence may not exceed two-thirds of the maximum sentence imposed does not apply to habitual offender sentences.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joe Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

*Law Offices of Louis Demas, P.C.* (by *Thomas V. Wilhelm*), for defendant on appeal.

Before: HOOD, P.J., and SAWYER and T. E. JACKSON,* JJ.

HOOD, P.J. Defendant was charged with assaulting a prison employee while incarcerated, MCL 750.197c; MSA 28.394(3), and with felonious assault, MCL 750.82; MSA 28.277. Both counts grew out of a single incident in which defendant struck a prison employee in the chest with a racquetball

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

racket. A jury returned a guilty verdict as to only the first count. Defendant then entered a guilty plea as a third felony offender, MCL 769.11; MSA 28.1083, and was sentenced to from six to eight years in prison, to be served consecutively to any sentence then being served. Defendant appeals from his convictions and sentence as of right. We affirm.

Defendant first claims that the trial court erred in failing to instruct the jury on specific intent as an element of the assault on a prison employee charged in the first count, while charging the jury that specific intent was an element of the felonious assault charged in the second count.

Defendant concedes that it is unclear whether assault under MCL 750.197c; MSA 28.394(3) is a specific or general intent offense. *People v Norwood,* 123 Mich App 287, 295; 333 NW2d 255 (1983), lv den 417 Mich 1006 (1983). However, defendant suggests that the jury may have been confused by the court's omission of a "specific intent" instruction under Count I similar to that employed for the felonious assault charged under Count II.

Defendant's challenge is unpreserved and unmeritorious. Not only was there no objection to the instruction given to the jury, but the record reflects that defendant specifically approved the instructions given. Failure to object to criminal jury instructions waives any claim of error in the absence of manifest injustice. *People v Hilliard,* 160 Mich App 484, 488; 408 NW2d 482 (1987). In the instant case, there is no such showing since the specific intent instruction was neither requested nor clearly required under the applicable statute. Assuming that such an instruction would have been appropriate, we would find that the court's explanation that defendant must have "tried to

physically injure" or must have "intended to injure" the corrections officer was an adequate description of the requisite intent under any construction of the statute. Cf. *People v Wilson,* 159 Mich App 345, 352; 406 NW2d 294 (1987).

As his second claim of error, defendant claims that his six- to eight-year sentence as an habitual offender violates the rule of *People v Tanner,* 387 Mich .683; 199 NW2d 202 (1972), and that resentencing is required. The prosecutor concedes that the sentence violates the rule of *People v Tanner.*

*Tanner* requires a sentencing court to set a minimum sentence at no more than two-thirds the maximum term imposed. Although the Michigan Supreme Court has neither affirmed nor disapproved the application of *Tanner* to habitual offender sentences, this Court has held that the rule should be utilized in habitual offender cases. See, e.g., *People v VanderMel,* 156 Mich App 231, 235, n 4; 401 NW2d 285 (1986). The Supreme Court declined to review the issue in *People v Lester Jackson,* 426 Mich 874 (1986) (BOYLE, J., dissenting).

We disagree with those panels of this Court which have held that *Tanner* must apply to habitual offender sentences. As stated by Justice BOYLE in her dissent in *People v Lester Jackson, supra:*

> By its terms the indeterminate sentencing act applies to persons "convicted for the *first* time for the commission of a felony . . . ." (Emphasis added.) MCL 769.8; MSA 28.1080. The plain language of the statute indicates that the Legislature did not intend that the indeterminate sentencing statute apply to habitual offenders. Furthermore, the Legislature amended the habitual offender statutes in 1978 to make it clear that the *Tanner* rule should not apply to habitual offenders. MCL 769.11(2); MSA 28.1083(2), added by 1978 PA 77,

provides that a "minimum and maximum sentence within any specified limits in terms of years or fraction thereof . . . shall be considered an indeterminate sentence." Thus, for habitual offenders, the Legislature specifically rejected the *Tanner* definition of "indeterminate sentence" as a sentence with a minimum of not more than two-thirds of the maximum.

Affirmed.